### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

JOSEPH ANTHONY DANIELS,      )
                                      )
     Petitioner,              )
                                        )
v.                                     )         Civil Action No. 3:24-cv-86–HEH
                                        )
CHADWICK DODSON,           )
                                        )
     Respondent.            )

### <u>MEMORANDUM OPINION</u>
### (Dismissing Successive § 2254 Petition)

Petitioner Joseph Anthony Daniels ("Petitioner"), a Virginia inmate proceeding *pro se*, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), challenging his convictions in the Circuit Court for Dinwiddie County. The Court previously denied a 28 U.S.C. § 2254 petition filed by Petitioner challenging these convictions. *Daniels v. Hinkle*, No. 3:11-cv-675, 2012 WL 2792199, at *1–5 (E.D. Va. July 9, 2012); *see* Pet. at 1.

The Antiterrorism and Effective Death Penalty Act of 1996 restricts the jurisdiction of district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move

in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Court has not received authorization from the United States Court of Appeals for the Fourth Circuit to consider the present § 2254 petition.[1]  Therefore, the action will be dismissed without prejudice for want of jurisdiction.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: Feb. 16, 2024
Richmond, Virginia

---

[1] Petitioner asks this Court to "grant Petitioner's writ of habeas corpus, . . . hold an evidentiary hearing or otherwise vacate Petitioner's conviction and sentence." (Pet. at 8 (capitalization corrected).)  Thus, it appears that he is once again challenging his underlying conviction. However, in his only claim, Petitioner argues that the Supreme Court of Virginia denied his constitutional rights when they "denied Petitioner a full and fair hearing on his Writ of Actual Innocence Petition." (*Id.* at 5.)  To the extent that Petitioner solely intends to challenge some alleged error in the state post-conviction court's judgment, that claim is not cognizable in federal habeas. *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988).